UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Alberto BRINGA, et al., | Civ. No. 2:13-3296 |
| Plaintiffs, | (KM-MAH) |
| v. | |
| Mayor Felix ROQUE, et al., | OPINION |
| Defendants. | |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on Plaintiffs' motion to voluntarily dismiss Count I, the only federal-law count in the Complaint, and remand this action to the Superior Court of New Jersey, Hudson County (ECF No. 49). I decide the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion is granted.

### I. BACKGROUND

Plaintiffs are all terminated or former employees of the Town of West New York under the administration of Defendant Mayor Felix Roque (collectively, "Employees"). (*See* Compl. ¶¶22, 24, ECF No. 1-1). Defendants are the Mayor of West New York, the Town of West New York (the "Town") and other Town officials (collectively, "Town Defendants"). (*Id.* ¶¶11–18). The Employees allege that the Town Defendants engaged in discriminatory and retaliatory employment practices aimed at individuals whom Mayor Roque saw as political enemies. (*Id.* ¶¶25–27). On April 5, 2013, the Employees filed a Complaint in the Superior Court of New Jersey, Hudson County, asserting causes of action for political retaliation under 42 U.S.C. §1983, civil rights violations under the New

Jersey Civil Rights Act ("NJCRA"), breach of contract, and violations of the New Jersey Conscientious Employee Protection Act ("NJ CEPA"). (*Id.* ¶¶86–145).

On May 24, 2013, Defendants Mayor Roque, the Town, and Defendant Commissioner Fior'Daliza Frias ("Commissioner Frias") removed the matter to this Court.[1] (Notice of Removal, ECF No. 1). The Notice asserted that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 because the Complaint contains a federal law claim under 42 U.S.C. §1983. (*Id.* ¶¶4–5). The Town Defendants requested that the Court exercise supplemental jurisdiction over the Employees' other state law claims. (*Id.* ¶7).

Some seven days after removal, the Employees' counsel sent a letter to the Town Defendants advising them of the Employees' intent to voluntarily dismiss the §1983 claim, and requesting the Town Defendants' consent to remand the case to state court. (Pls. Ltr., May 31, 2013, ECF No. 49-5). According to the Employees' counsel, the Town Defendants never responded to this request. (Cert. of Louis A. Zayas, Esq. ("Zayas Cert.") ¶6, ECF No. 49-1).

On July 1 and 3, 2013, having obtained a brief extension of time, the Town Defendants filed answers to the Complaint. (ECF Nos. 8, 9, 10).[2] On August 16, 2013, the Employees moved to amend the Complaint

---

[1]   That same day, the Employees filed an Amended Complaint in Superior Court, Hudson County. (ECF No. 49-3). It appears that, because the initial Complaint had already been removed to federal court, the Amended Complaint remained in state court. (Notice of Removal, ECF No. 1).

[2]   Defendant West New York Board of Education ("Board of Education") is a named party in the state court Amended Complaint. *See* n.1, *supra.* Despite the amended complaint's not having been removed, the Board of Education answered it here in federal court on July 1, 2013. (Board of Education's Ans., ECF No. 8). The amended complaint, however, remains pending, if anywhere, in state court. I treat the original, removed complaint as the operative pleading here. *See Westmoreland Hosp. Ass'n v. Blue Cross of Western Pa.*, 605 F.2d 119,

to add new plaintiffs and claims and to drop Count I, the §1983 count. (ECF No. 11). On September 17, 2013, the Employees wrote to District Judge Cavanaugh, to whom the case was then assigned, requesting a telephone conference to discuss their request for consent to dismiss Count I and "avoid motion practice." (Pls. Ltr., ECF No. 16). At the time, however, the motion to amend was already filed, and a Rule 16 conference was already scheduled. On September 24, 2013, the Town Defendants filed a cross-motion to dismiss the Complaint. (ECF No. 18). Having again failed to obtain defense counsel's consent to a remand, counsel for the Employees sought an extension of time to respond to the cross-motion, and consented to adjourn the Rule 16 conference pending the outcome of the motions. (ECF Nos. 23 to 27)

On April 22, 2014, the Employees filed their first motion to remand this matter to state court. (ECF No. 38). On April 30, 2014, the case was reassigned from District Judge Cavanaugh, who had retired, to me. In an Order dated May 2, 2014, Magistrate Judge Hammer denied without prejudice the Employees' motion to amend, and administratively terminated the Town Defendants' cross-motion to dismiss and the Employees' motion to remand, pending a conference with the Court. (Order ECF No. 41).

Following requested adjournments, that conference was held on July 30, 2014. On July 30, 2014, Magistrate Judge Hammer granted the Employees leave to refile their motion to remand. (*See* Order, July 30, 2014, ECF No. 48). That motion is now before the Court. (Pls. Mot., ECF No. 49)

## II. DISCUSSION

The Employees move (a) to voluntarily dismiss Count I of the

---

123 (3d Cir. 1979) (recognizing that a plaintiff's claims must be evaluated according to the pleading at the time of the petition for removal).

Complaint, which alleges a violation of 42 U.S.C. §1983, under Fed. R. Civ. P. 41(a)(2), and (b) to remand the remaining state law claims to state court. (Pls. Mot., ECF No. 49).

### A. Voluntary Dismissal

Federal Rule of Civil Procedure 41 governs voluntary dismissals of civil actions. The Rule provides:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Where, as here, the opposing party has already filed an answer to the complaint, the Rule provides that, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether to grant or deny a motion for voluntary dismissal is "within the sound discretion of the district court." *Hayden v. Westfield Ins. Co.*, No. 12-0390, 2013 WL 5781121, at *2 (W.D. Pa. Oct. 25, 2013). The touchstone is prevention of substantial prejudice to the parties. *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del 1991). Generally, a Rule 41 motion should be granted "unless [a] defendant will suffer some prejudice other than the mere prospect of a second law suit."[3] *Ortiz v. Univ. of Med. & Dentistry of N.J.*, No. 08-2669 (JLL), 2009 U.S. Dist. LEXIS 63220, at *3 (D.N.J. July 23, 2009) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (internal quotations omitted)). In determining whether dismissal is appropriate, a court must carefully "weigh the prejudice to the defendant, both in terms

---

3   The standard appears to contemplate the dismissal of an entire Complaint, not a single count. Here, a "second law suit" would not be the reassertion of the Section 1983 count, but the continued litigation of the existing state law counts in state court.

4

of legal prejudice and litigation expense." *Hayden*, 2013 WL 5781121, at *2 (internal quotations omitted).

That analysis requires the balancing of five factors:

> (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.

*Id.* Here, the *Hayden* factors weigh in favor of granting the Employees' Rule 41 motion to dismiss Count I, the sole federal-law claim.

First, permitting the Employees to withdraw their federal claim will not result in undue expense. The Town Defendants point to the cost of removing the case, answering the Complaint, and then moving to dismiss the Complaint. (Defs. Opp. 17). Those expenses alone, however, do not warrant denying the Employees' Rule 41 motion. Removal itself entails the filing of a simple notice,[4] and always carries the risk of a motion to remand. *See* 28 U.S.C. § 1447(c). The complaint, whether in state or federal court, must be answered or otherwise responded to. The state law causes of action, whether in state or federal court, will proceed in any event. The costs incurred will not be excessive or duplicative. And dismissal of Count I with prejudice, *see infra*, will minimize the possibility of duplicative expenses in a second litigation. *See Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D. Pa. 1995) (recognizing a court's discretion to grant a Rule 41 dismissal with prejudice to prevent the inequities or prejudice of a second action). All in all, the first *Hayden* factor weighs in favor of dismissing the Employees' federal claim.

---

[4] The notice here is more elaborate than is customary, but still runs only five pages. (ECF No. 1).

Factors two, three, and five also weigh in favor of granting the Employees' motion. Those factors all relate to prejudice resulting from the Town Defendants' effort and expense preparing for trial, the progress of the case, and the status of motion practice. *See Hayden*, 2013 WL 5781121, at *2. Although the Employees filed the Complaint in April of 2013, this case remains nascent. The Magistrate Judge has conducted only one conference, and the parties have yet to exchange discovery. Motion practice has been limited. True, the Employees moved to amend the Complaint on August 16, 2013 (ECF No. 11); the Town Defendants filed a cross-motion to dismiss on September 24, 2013 (ECF No. 18); and the Employees moved to remand this action to state court on April 22, 2014 (ECF No. 38). All three motions, however, were terminated without prejudice, pending the results of a status conference. (Order, May 5, 2014, ECF No. 41). Only after authorized to do so, on August 22, 2014, did the Employees file the motion now before the Court. (ECF No. 49). There are no other pending motions for the Court to consider.[5] As things stand, permitting the Employees to dismiss the federal claim would not result in substantial prejudice to the Town Defendants. *Compare Hayden*, 2013 WL 5781121, at *3 (finding that prejudice existed where plaintiffs sought to dismiss federal action after extensive motion practice, completion of discovery and a pending motion for summary judgment). Thus factors two, three, and five also weigh in favor of granting the motion to dismiss the federal claim.

Factor four—the Employees' diligence in bringing the motion to dismiss and their explanation for dismissing the federal claim—is more equivocal. The Employees contend that they acted quickly, requesting the Town Defendants' consent to voluntarily dismiss the §1983 claim on May

---

[5] The Defendants assert that their motion to dismiss is pending, but it has been administratively terminated, and therefore is not pending in any sense that affects the analysis here.

31, 2013, only seven days after the action was removed to federal court. (*See* Pls. Ltr., May 31, 2013, ECF No. 49-5). The Employees' counsel never received a response from the Town Defendants (*see* Zayas Cert., ¶¶5–6).[6] The Employees did not, as might have been preferable, respond with a prompt motion to dismiss Count I and remand. That said, their motion is not time-barred; a motion to remand based on lack of subject matter jurisdiction is timely if made "at any time before final judgment." 28 U.S.C. § 1447(c).

As I say, Plaintiffs did not exactly leap into action, but they did again attempt to withdraw the federal claim via their motion to amend the Complaint on August 16, 2013 (*see* proposed Amended Complaint, ECF No. 11-3 (deleting the § 1983 claim)). And while that motion to amend was pending, the Employees wrote a letter to the then-presiding judge reciting a second, failed attempt to obtain consent to remand, and requesting a conference. (ECF No. 16). At a minimum, then, the record establishes (1) that the Town Defendants received early notice that the Employees intended to dismiss the federal claim; and (2) that the Employees attempted, if somewhat ineffectually, to withdraw the §1983 claim beginning as early as May 2013. Thus, the Court is satisfied that factor four weighs somewhat, if not strongly, in favor of granting the Employees' motion.

The Town Defendants accuse the Employees of forum shopping. (Defs. Opp. 8). The desire for a more favorable forum does not require denial of a Rule 41 motion, *see DuToit*, 136 F.R.D. at 85–86, although it may be considered, *Hayden*, 2013 WL 5781121, at *2, *4. The Employees

---

[6] It is unclear why Plaintiffs would have anticipated obtaining consent; the Town Defendants had just removed the action to federal court, and presumably wished to stay here. I note in passing that a plaintiff may dismiss a complaint as of right at any time before the defendant has answered. *See* Fed. R. Civ. P. 41(a). If plaintiffs inadvertently let the time to answer pass, or otherwise felt consent was required, then they should have filed a motion when consent was not forthcoming.

here are not seeking to escape a negative federal-court ruling or otherwise manipulating the rules. They are guilty of forum shopping only in the very weak sense that any plaintiff who forgoes federal claims may choose a state court forum. At any rate, the Employees concede that their federal claim is not viable and that state law claims predominate. (Pls. Mot. 8–9; Pls. Reply 6–7). The state court forum is the one the plaintiff Employees initially chose and continue to desire. And it is hard to resist the observation that the charge of forum shopping falls equally on both sides; the Defendants shopped the case to a federal forum based on the presence of a § 1983 claim, over which there is concurrent state and federal jurisdiction. *See Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 506-07 (1982); *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980). The factors favoring dismissal outweigh any residual concern with forum shopping.

The Rule 41 motion to dismiss Count I is therefore GRANTED.

### B. Remand vs. Retaining Jurisdiction Over State-Law Claims

The question remains whether the Court, having dismissed the only federal-law claim, should remand, pursuant to 28 U.S.C. § 1447(c), or should retain jurisdiction over the remaining state law claims. I conclude that I should remand.

There is no dispute that the Court properly exercised jurisdiction over the removed Complaint in its original form. A district court unquestionably possesses federal-question jurisdiction over a Section 1983 claim, whether it is asserted in a complaint filed in federal court or one that arrives *via* removal. *See* 28 U.S.C. § 1331; *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). And a court may of course exercise

supplemental jurisdiction over state law claims that are part of the same case or controversy:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

The question here is the proper course of action when the federal claim that served as the sole basis for federal-question jurisdiction is dismissed. Such a dismissal does not necessarily deprive a district court of jurisdiction (unless the federal claim was "insubstantial on [its] face"). *Hagans v. Lavine*, 415 U.S. 528, 542 n.10 (1974) (quotation omitted); *see also Felice v. Sever*, 985 F.2d 1221, 1225 (3d Cir. 1993); *Lunderstadt v. Colafella*, 885 F.2d 66, 69–70 (3d Cir. 1989). But the court may, within its discretion, decline to exercise supplemental jurisdiction.

Section 1367 provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That is, after dismissal of all federal claims, a district court has the discretion to remand to state court "a removed case involving pendent claims" upon a determination that retaining jurisdiction would be inappropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Ortiz*, 2009 U.S. Dist. LEXIS 63220, at *3. In exercising that discretion, courts should take into account principles of judicial economy, convenience, fairness and comity. *Cohill*, 484 U.S. at 357; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995).

As to the limits of discretion to retain state law claims lacking a federal jurisdictional "hook," the United States Court of Appeals for the

9

Third Circuit has given the district courts some guidance:

> [W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.

*Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Thus, where the case has been substantially litigated, it may be a proper exercise of discretion to retain it. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard all evidence necessary to decide the state contract claim, it might retain jurisdiction). Where, on the other hand, the case is nowhere close to trial, remand may be the better course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

I find no substantial basis for retaining jurisdiction over the state claims here. As discussed above, this case has not progressed substantially. The Court has not committed substantial resources to it. *Cf. Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001) (upholding the district court's exercise of supplemental jurisdiction over a state law claim when all federal claims had been dismissed because the court "had become fully familiar with the factual background and positions of the parties."). The parties have not exchanged discovery, let alone prepared the case for trial. What resources have been expended (for example, in answering the Complaint) are not wholly sunk, but transferable to the State context. State court is the more appropriate forum to litigate the Employees' claims. The Town Defendants stress that

similar standards govern actions under Section 1983 and the New Jersey Civil Rights Act. (Defs. Opp. 13). That similarity is not sufficient to require litigation in federal court; as noted above, even as to Section 1983 itself, Congress has permitted litigation in either forum. Further, the Complaint alleges other state law claims, such as violations of the New Jersey CEPA and breach of contract. Comity requires due deference to the state court's ability to render a sure-footed interpretation of its own law.

For the reasons expressed above, I am also unmoved by charges of forum shopping, although it is a factor that merits some consideration. *See Trans Penn*, 50 F.3d at 233. In *Hunter v. Temple University School of Medicine*, for example, the court found no improper forum shopping under circumstances similar to this case. No. 03-1649, 2003 WL 22597677, at *2 (E.D. Pa Oct. 29, 2003). The plaintiff in *Hunter* filed suit against the defendant in the Court of Common Pleas of Philadelphia County, alleging race and gender discrimination under 42 U.S.C. §1981, Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act. *Id.* at *1. In addition, the plaintiff asserted state-law claims for breach of contract, promissory estoppel, equitable estoppel, and negligent misrepresentation. *Id.* The defendant removed the action to federal court and thereafter answered the complaint. *Id.* The plaintiff then amended her complaint to drop all federal claims and moved to remand to state court. *Id.* Exercising its discretion under § 1367, the court found that the plaintiff did not attempt to manipulate the forum; the state court was the forum she wanted all along:

> Plaintiff originally filed her Complaint in state court and was only brought into federal court pursuant to Defendant's removal. Furthermore, Plaintiff did not drop her federal claims as a reaction to an unfavorable ruling by this Court. Rather, Plaintiff dropped her federal claims at an early stage of the proceeding, and as such, it best promotes the values of economy, convenience, fairness, and comity to remand the

case . . . .

*Id.* at *2. Accordingly, the *Hunter* court declined to exercise jurisdiction over the plaintiff's state law claims. *Id.*

Here, too, the plaintiff Employees clearly have a forum preference, but they have not engaged in manipulation. They did not seek to remand in response to an unfavorable ruling by this Court, *see Hunter*, 2003 WL 22597677, at *2, or to gain any unfair advantage from being in state court. Rather, the Employees represent that they seek remand because of the predominance of state claims in the Complaint. (Pls. Mot. 8–9; Pls. Reply 6–7). State court is not an expedient, but the forum they sought from the start.

Weighing all of the factors, I exercise my discretion to decline the exercise of supplemental jurisdiction over the state law claims. The motion to remand the case to state court based on lack of subject matter jurisdiction is GRANTED.

### C. Other Issues

Finally, I decide whether to dismiss Count I with prejudice, and whether to award costs.

Based on prejudice to the opposing party, a court may grant dismissal on conditions. *See* Fed. R. Civ. P. 41(a)(2); *Gravely v. Washbash Nat'l Corp*, No. 09-5435 (JBS-JS), 2010 U.S. Dist. LEXIS 89968, at *4 (D.N.J. Aug. 31, 2010); *Bready v. Geist*, 85 F.R.D. 36, 38 (E.D. Pa. 1979). For example, "where it would be inequitable or prejudicial to [the] defendant to allow [the] plaintiff to refile the action," the dismissal may be granted with prejudice *Chodorow*, 160 F.R.D. at 523. It would be inequitable to permit the Employees to obtain remand based on the dismissal of Count I, only to reinstate it later. My dismissal of Count I will therefore be WITH PREJUDICE.

In addition, a court has the discretion to condition a voluntary

dismissal upon a plaintiff's payment of costs, including attorney's fees. *See, e.g., McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857, 860 (11th Cir. 1986) (upholding dismissal but remanding to district court for consideration of award of costs); *Peifer v. Royal Bank*, 121 F.R.D. 39, 41 (M.D. Pa. 1986) (granting dismissal but awarding costs where defendant filed motion for summary judgment, albeit without exchanging discovery); *Meltzer v. National Airlines, Inc.*, 31 F.R.D. 47, 49, 51 (E.D. Pa. 1962) (granting dismissal with costs where defendant filed motion to transfer but before any discovery). But costs may be denied, for example, where motions filed in federal court may later be filed in state court. *See DuToit*, 136 F.R.D. at 88 (granting dismissal without the payment of defendants' expenses where defendants' could file motion in state court with minor changes).

In my discretion, I find that an award of costs, including attorney's fees, is not appropriate. Court costs, such as the filing fee, are modest and are a byproduct of the removal, an elective procedure for Defendants. This action will not disappear, but will proceed in parallel fashion in state court. Costs incurred in answering the Complaint or otherwise preparing to meet its allegations are not unique to the Section 1983 count. The NJCRA claim, for example, arises from precisely the same facts and involves many of the same legal issues. The Town Defendants' cross-motion to dismiss the Complaint may without undue difficulty be refashioned to comply with state procedures. And although Plaintiffs' effort to obtain a remand was far from efficient, the Town Defendants were on notice of it very early on, and could have cut short the delay—if that was their object—by simply consenting to voluntary dismissal of Count I.

Accordingly, the Court's dismissal of Count I and remand will be with prejudice and without costs.

14

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Count I of the Complaint and remand this matter to state court (ECF No. 49) is GRANTED. This action will be remanded to the Superior Court of New Jersey, Hudson County.

Dated: February 27, 2015

_____
**Kevin McNulty**
**United States District Judge**